NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO NUNEZ-FERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.    14-72784 <br><br> Agency No. A075-767-056 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016**

Before:    LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Gerardo Nunez-Fernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

review de novo questions of law.  *Tamang v. Holder,* 598 F.3d 1083, 1088 (9th

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2010).  We deny the petition for review.

We generally lack jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte, but retain limited jurisdiction to review for legal or constitutional error.  *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *Bonilla v. Lynch*, No. 12-73853, 2016 WL 6127064, at \*11 (9th Cir. October 20, 2016).  Nunez-Fernandez's contention that it is unclear whether the BIA used the proper legal framework is not supported by the record, where the BIA stated the "exceptional circumstance" standard and cited pertinent legal authority.  *See Mendez-Castro v. Mukasey,* 552 F.3d 975, 980 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**